# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-412V
Filed: October 27, 2015
Not to be Published

```
*************************************
MICHAEL MANCESRI,                    *
                                     *
            Petitioner,              *    Petitioner's motion to dismiss
                                     *    is granted; tetanus-diphtheria-
v.                                   *    acellular pertussis ("Tdap"); not
                                     *    clear if vaccinated on right or left;
SECRETARY OF HEALTH                  *    no expert support for causation of
AND HUMAN SERVICES,                  *    lipoma from vaccination
                                     *
            Respondent.              *
                                     *
*************************************
```

<u>Richard R. Johnson</u>, Yakima, WA, for petitioner.
<u>Alexis B. Babcock</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On April 23, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on April 23, 2012 caused him on the next day right arm pain, swelling, bursitis, and a mass which needed removal on September 14, 2012. Also on April 23, 2012, petitioner received pneumococcal vaccine for adults ("PPV23"). PPV23 is not covered under the Vaccine Injury Table. Petitioner never filed proof of vaccination. (Because petitioner did not put exhibit numbers and page numbers on his exhibits, references to the medical records will be without notation.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

The first problem with this case is that petitioner gave a history on April 24, 2012, at 10:40 p.m. to Yakima Regional Hospital that he had received pneumonia vaccine and pertussis vaccine in his left arm on April 23, 2012. But he claims injury in his right arm or shoulder.

He also took a nerve conduction velocity test and electromyography on December 18, 2012, giving a history that he had received a vaccination in his left deltoid. There was no clear etiology of his right shoulder and arm problems.

The second problem with this case is that petitioner had lipoma in his right shoulder, but a lipoma is an accumulation of fat cells. Dorland's Illustrated Medical Dictionary 1062 (32d ed. 2012). There is no proof that a Tdap vaccination can cause a lipoma, much less a lipoma on the other side of the body from the vaccination. There is also no proof that Tdap vaccination caused petitioner's lipoma in this case.

The undersigned, having reviewed the medical records, finds they do not support petitioner's allegations. The undersigned cannot rule in petitioner's favor based solely on his allegations unsupported by medical records or credible medical opinion. 42 U.S.C. § 300aa-11(a)(1).

On October 27, 2015, the undersigned held a telephonic status conference with counsel, during which petitioner's counsel moved to dismiss. He had talked with a physiatrist, petitioner's personal care physician, and an orthopedic surgeon, none of whom would support the allegations in this case. He spoke with Dr. K. Scott Reinmuth, petitioner's physician for the last few years, who had written a "To Whom It May Concern" letter dated April 21, 2014, in which he stated it was "possible" that petitioner's vaccinations caused a problem with his arm. Dr. Reinmuth told petitioner's counsel that he would not go any further than his statement in the letter that causation was possible, i.e., he would not say it was probable. Petitioner's counsel said he could not prove petitioner had a frozen shoulder or a direct neurological insult. As he put it, he chose not to waste the time of the court further, and moved to dismiss.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.'" Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was

> the reason for the injury [,]" the logical sequence being supported
> by a "reputable medical or scientific explanation[,]" <u>i.e.</u>, "evidence
> in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." <u>Grant</u>, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. <u>Id.</u> at 1148.

Petitioner must show not only that but for his April 23, 2012 Tdap, he would not have had a lipoma or whatever was wrong with his right arm, but also that his April 23, 2012 vaccination was a substantial factor in causing his purported injury. <u>Shyface v. Sec'y of HHS</u> 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on his claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In the instant action, none of petitioner's medical records substantiate petitioner's allegation that Tdap caused his lipoma, particularly if it was in the opposite shoulder from the one in which he received Tdap and PPV23 vaccinations. Moreover, although Dr. Reinmuth opined that there might have been a short inflammatory response to the vaccine, he was not willing to say the alleged vaccine injury lasted more than six months, as the Vaccine Act requires. 42 U.S.C. § 300aa-11(c)(1)(D)(i). Petitioner's burden is not satisfied with Dr. Reinmuth's opinion that causation is "possible." Petitioner's burden is to prove his case by preponderant evidence, i.e., probable, more likely than not. 42 U.S.C. § 300aa-13(a)(1)(A).

The undersigned **GRANTS** petitioner's motion to dismiss and **DISMISSES** this case for petitioner's failure to prove by a preponderance of the evidence the matters required in the petition. 42 U.S.C. § 300aa-13(a)(1).

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  October 27, 2015                                /s/ Laura D. Millman
                                                        Laura D. Millman
                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.